JAMES H. WILCOX AND THEODORE F. HOPKINS, PART-
NERS, ETC.,

v.

JOHN CARSON.

*Reaping Machine—Sales—Warranty—Action to Recover Price—In-
structions.*

1.  In an action to recover the price of a reaping machine, it is *held:*
That the evidence touching the warranty that the machine would work
well, sustains the verdict for the defendant; and that there was no error in
the modification of an instruction, by striking out the clause in regard to
the reliance of the defendant upon the warranty.

2.  A warranty includes a representation made to assure the buyer, and
relied on by him as an inducement to purchase.

[Opinion filed May 25, 1888.]

APPEAL from the Circuit Court of Morgan County; the
Hon. CYRUS EPLER, Judge, presiding.

Messrs. G. W. SMITH and M. T. LAYMAN, for appellants.

Messrs. BROWN & KIRBY, for appellee.

WALL, J. This was assumpsit by appellants against appellee, to recover the price of a reaping machine known as the Buckeye Binder. The defense was that the machine was warranted to work well and that it failed to do so. The case was tried by jury and the verdict was for defendant. A motion for new trial was overruled and judgment rendered against the plaintiffs for costs. The objections now urged are, (1) that the verdict should have been set aside because contrary to the evidence; (2) that the court erred in modifying an instruction asked by the plaintiffs.

The only question of fact upon which there was any substantial controversy, was whether the machine worked well. There was enough evidence to warrant the verdict as to this point. The arguments of counsel in their brief against the verdict were no doubt urged upon the jury, and were probably before the Circuit Court upon the motion for new trial, but they are not so conclusive as to require an Appellate Court to reverse the judgment. There was certainly a great deal of trouble in operating the machine, and while it may be that this was due to the way it was managed by the defendant, yet there is sufficient to support the conclusion that it was due to other causes, for which the defendant was not responsible.

As to the second point, the plaintiffs asked the court to give the following instruction:

"The court instructs the jury for the plaintiffs that, before the defendant can defeat the plaintiffs' cause of action by reason of a warranty of the machine, he must prove, first, that there was a warranty; second, that the defendant in purchasing the machine, relied on the warranty, and that such warranty induced defendant to purchase the machine; third, that the machine was not such a machine as it was warranted to be. And that the defendant must prove all the above propositions by a preponderance of all the evidence, and if the evidence is equally balanced on either of the above propositions, the jury must find for the defendant as to the question of warranty."

The court struck out the second proposition and gave the instruction as thus modified.

It is urged by counsel that in this the court erred, and reference is made to Hawkins v. Berry, 5 Gilm. 36. In that case the court say : "To constitute a warranty the term warrant need not be used, nor is any precise form of expression required; but there must be an affirmation as to the quantity or quality of the thing sold (not asserted as a matter of opinion or belief) made by the seller at the time of the sale for the purpose of assuring the buyer of the truth of the fact affirmed and inducing him to make the purchase, which is so received and relied on, by the purchasee. 2 Kent's Com. 485 ; Chitty on Contracts, 35." A warranty, as thus defined, includes a representation made for the purpose of assuring the buyer, and by him relied on as an inducement to buy. The first proposition in the instruction was, that there must have been a warranty. This included, in a legal sense, the point that the representation was relied on, and the instruction, as modified by striking out the second clause, was technically perfect. Had the court been called on to define a warranty, it would, no doubt, have done so in the language of the books. It would have done no harm to have given the instruction as asked, though it was somewhat tautological, but it was not error to modify it as was done.

We do not see how the appellants can make any complaint in this respect, even if it were assumed that the instruction, as asked, was correct and should have been given.

There was no doubt upon the evidence, that there was a representation that the machine would work well, and that the purchaser relied upon it, and that this was a material inducement to make the purchase. It is not at all probable that the jury were in doubt on this point, or that the verdict would have been otherwise if the instruction had been given as asked. The frictional point, as already stated, was as to how the machine worked, and what caused the trouble. We find no error in the record and the judgment must be affirmed.

*Judgment affirmed.*